### KITTINGER v. MONTGOMERY WARD & CO.

No. 4675.

District Court, W. D. Missouri, W. D.

May 16, 1947.

Charles C. Shafer, Jr., of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett, Whittaker & Marshall, Carl E. Enggas, and John J. Hasburg, Jr., all of Kansas City, Mo., for defendant.

REEVES, District Judge.

By Count 2 of the complaint the plaintiff invokes the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and in substance says that in specified periods of his employment he worked overtime. Plaintiff seeks a judgment for such overtime for which he says he was not compensated.

The motion for a bill of particulars calls for the specific dates of such overtime and even requests the detail of such overtime in hours and minutes. It further asks for the nature of plaintiff's duties upon the occasion of every alleged overtime service. It also asks for the classification of the plaintiff by the War Labor Board or Salary Stabilization Unit under Executive Order No. 9250, 50 U.S.C.A.Appendix, § 901 note, etc. Other requests are in like tenor and purpose.

The motion is filed under the specific provisions of Rule 12 (e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the Federal Courts. The provisions of said paragraph (e) of Rule 12 as originally drawn and promulgated have been the subject of more judicial rulings than any other part of the rules. It was subject to criticism by committees, judges, and members of the bar. These criticisms culminated in an amendment to the rule by the Supreme Court. By such amendment the motion for a bill of particulars was stricken and in lieu thereof the following amendment was made: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

The proposed amendments to the rules, of which this is a part, were submitted by

the Supreme Court through the Attorney General to the Congress. It is quite obvious that no adverse action will be taken by the Congress and that same in due course will become effective. In the meantime the weight of authority is completely against the enforcement of the rule as it originally stood. An examination of Count 2 of the complaint shows that the defendant can file his responsive pleading as it is fully advised as to the nature of the claim interposed by the plaintiff. The details sought can readily be obtained under the discovery rules.

To require the plaintiff in this case to set forth the data asked for by the motion would make the complaint unduly verbose and would compel a complete violation of the provisions of Rule 8.

In view of the above, the motion will be denied and the plaintiff will be granted the usual time to plead further.